UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No.  SA-15-CA-196-XR |
| ) | |
| DAVID J. STONE, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

On this date, the Court considered the United States' Motion to Strike the Answers of Defendants David Stone and Jacqueline Wallace and to Enter Default Judgment Against David Stone, or, In the Alternative, Motion to Re-Open Discovery and Continue all Remaining Deadlines (docket no. 32).  Defendants have not filed a response.

The United States initiated this lawsuit on March 16, 2015.  The United States seeks to reduce to judgment against Stone unpaid federal tax liabilities, foreclose federal tax liens against and sell certain property located in Bexar County, Texas, owned by Stone, and obtain, if appropriate, the 10% surcharge under the Federal Collections Procedure Act.  Defendant Wallace is Stone's wife and is named as a defendant because she may claim a homestead interest in the real property upon which foreclosure is being requested.  Wells Fargo is an additional named defendant because it holds a mortgage lien on the property.  All Defendants answered the Complaint in April 2015.  Stone and Wallace have asserted entitlement to offsets or credits against amounts due.

In September 2015, the attorneys for Stone and Wallace moved to withdraw because Stone did not respond to their phone calls or email messages regarding the United States' discovery requests and had not provided the majority of documentation necessary to respond.  On September 24, 2015, the Court issued an Order permitting counsel to withdraw and directing Stone and Wallace to (1) file a written advisory to the Court that they intended to proceed without counsel; (2) obtain new counsel and have that counsel enter a written appearance; or (3) move for additional time to

obtain new counsel and specify the efforts made to obtain new counsel no later than October 15, 2015. The Court noted, "If Defendants fail to comply the Court may strike their pleadings or enter other appropriate sanctions." Stone and Wallace failed to comply with the Court's order.

On November 10, 2015, the United States moved to extend certain scheduling order deadlines. The motion noted that the United States had served interrogatories and requests for production in July, but that Defendants had not fully responded. The Court amended the scheduling order to allow more time to complete discovery.

On January 8, 2016, the United States filed a Motion to Compel Production of Documents and Further Answers to Interrogatories from Defendant Stone. The motion was referred to Magistrate Judge Mathy, and she ordered Stone to respond on or before January 19. Stone failed to respond, and Judge Mathy granted the motion on January 20, 2016. The Order directed Stone to respond to the discovery requests identified in Plaintiff's motion on or before February 3, 2016. Defendant Stone failed to comply with the Order.

On May 9, the United States filed the motion to strike and for default judgment under consideration. The United States' motion seeks sanctions against Defendant Stone pursuant to Federal Rule of Civil Procedure 37(b)(2), which permits the Court to strike pleadings in whole or in part and/or render a default judgment against a party who fails to obey discovery orders. The United States seeks a default judgment against Stone holding that he is liable pursuant to 26 U.S.C. § 6672 for each of the assessments listed in the Complaint. The United States also asks the Court to strike Defendant Wallace's pleadings for failure to obey the Court's September 24, 2016 Order.

For a default judgment to be granted under Rule 37, the penalized party's discovery violation must be willful and the Court must find that lesser sanctions would not substantially achieve the desired deterrent effect. *United States v. $49,000*, 330 F.3d 371, 376 (5th Cir. 2003). The Court should also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation. *Id.* In this case, the failure to comply with discovery and to comply with the order compelling discovery are willful, and the failure to comply may be attributed entirely to Stone himself. Stone failed to cooperate with this attorneys on discovery, and since their withdrawal has continued to inadequately respond to discovery and has willfully ignored the Magistrate Judge's order to comply with his discovery obligations. Stone has

not indicated to the Court that he has had difficulty in complying and has not requested additional time; in fact, Stone has not communicated with the Court at all, even when ordered to do so. Stone's failure to comply with the discovery order has prejudiced the United States' ability to prepare for trial.

Further, the Court finds that lesser sanctions would not achieve the desired deterrent effect. Stone has indicated no intent to cooperate in discovery or comply with the Court's orders (either the September 24, 2015 order or the discovery order), despite threat of sanctions, and thus no lesser sanction will likely obtain his compliance. The Court therefore grants the United States' motion and STRIKES Defendant Stone's answer and orders default judgment against him consistent with the allegations in the United States' Complaint.

With regard to Defendant Wallace, the United States asks the Court to strike her pleadings based on her failure to comply with the Court's September 24, 4015 Order directing her to notify the Court whether she intended to proceed with or without counsel. That Order expressly warned that failure to comply could result in sanctions, including striking her pleadings. A district court has the inherent power to impose sanctions on a litigant to enforce compliance with its orders. *Rousseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687, 690 (5th Cir. 2005); *see also* FED. R. CIV. P. 16(f) (authorizing sanctions for failure to obey a pretrial order). This inherent power includes authority to strike a litigant's pleadings, but this sanction requires a finding of bad faith or willful conduct. Defendant Wallace failed to comply with this Court's September 24, 2015 Order, despite being warned of possible sanctions for failure to do so. Defendant's conduct is willful, and there is no indication that Wallace intends to defend this action or comply with the Court's Order. Her failure to comply with the Court order has prejudiced the United States and precludes this case from proceeding. The Court will therefore STRIKE her answer.

The United States motion to strike Defendants' answers and enter default judgment against Stone (docket no. 32) is therefore GRANTED. The Court will issue the default judgment in a separate order.

The alterative motion to re-open discovery and continue remaining deadlines is DISMISSED AS MOOT.

It is SO ORDERED.

SIGNED this 2nd day of June, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE